**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5174**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH LEE HICKS, a/k/a Jo Jo Hicks, a/k/a Jo
Jo Mosby,

Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling. Frederick P. Stamp, Jr.,
Senior District Judge. (5:06-cr-00005-FPS)

Submitted: October 29, 2007          Decided: November 28, 2007

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Franklin W. Lash, Wheeling, West Virginia, for Appellant. Sharon
L. Potter, United States Attorney, John C. Parr, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Joseph Lee Hicks was convicted of two counts of distributing more than five grams of cocaine base while within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860 (2000). Hicks was sentenced to 262 months' imprisonment. For the reasons set forth below, we affirm the district court's judgment.

Taken in the light most favorable to the Government, Evans v. United States, 504 U.S. 255, 257 (1992), the evidence adduced at trial established the following facts. On two occasions in September 2005, the Ohio County Drug Task Force arranged for Raymond Prayear, a confidential informant, to buy cocaine base from Hicks. Prior to each controlled buy, police officers installed cameras behind the rearview mirror of Prayear's vehicle and on Prayear's body ("Hawk camera").

In taped conversations with Hicks, Prayear arranged to meet Hicks at designated locations and times to complete the controlled buys. Upon Hicks' arrival, Hicks entered Prayear's vehicle and gave Prayear the requested amounts of cocaine base. To complete the transactions, Prayear paid Hicks with cash provided him by the Drug Task Force. On September 8, 2005, Hicks sold Prayear an ounce of cocaine base for $1100, and on September 9, 2005, Hicks sold Prayear one and a half ounces of cocaine base for

$1650.  After completing the transaction, Prayear returned to the designated rendevous point and surrendered the drugs to the police.

Police officers created audio and video recordings of both controlled buys.  The video tapes depicted Hicks entering Prayear's car and making movements consistent with Prayear's testimony.  When the Government moved to introduce the video tapes from September 9, Hicks objected, arguing the tapes were not relevant because the drugs were not clearly visible.[1]  The district court overruled the objection.

Hicks raises four issues on appeal.  We will address each in turn.


I.    Validity of the Indictment

Hicks first contends his indictment was invalid because it was not signed, in cursive, by the jury's foreperson.

Pursuant to Fed. R. Crim. P. 12(b)(3), any motion alleging a defect in the indictment must be made prior to the commencement of trial.  A defendant's failure to raise such a challenge prior to trial results in the waiver of the challenge, save for those instances in which the waiver is excused for good cause.  Fed. R. Crim. P. 12(e); United States v. Colton, 231 F.3d

---

[1]This was the same argument Hicks presented in his pretrial motion in limine, in which Hicks sought to preclude the Government from using the video tapes from both September 8 and 9.  However, at trial, Hicks abandoned his objection to the September 8 tapes.

890, 909 (4th Cir. 2000). "Relief from the waiver of an objection is appropriate only if the moving party demonstrates cause for the failure to object and actual prejudice resulting from the defect." Colton, 231 F.3d at 909.

Hicks first raised this issue at sentencing. Hicks' failure to raise it prior to trial effectively waived any challenge to the indictment, Colton, 231 F.3d at 909; moreover, Hicks fails to show cause and resulting prejudice. Thus, we decline to consider the merits of this issue.

II. Admission of Video and Audio Tape Evidence

Hicks next contends the district court erred in denying his motion in limine to preclude the Government from introducing into evidence the video tape of the September 9 controlled buy. Hicks maintains this evidence should have been excluded because it was irrelevant and because "admission of the tape allowed the government to put on evidence that mislead [sic] the jury into believing that a drug transaction had taken place even though the tape did not support such a transaction."

This court reviews the admission of evidence for an abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). "[A]n abuse [of discretion] occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir.)

(internal quotation marks and citation omitted), <u>cert. denied</u>, 127 S. Ct. 314 (2006).

Despite Hicks' protestations to the contrary, the videotape remains relevant even if the cocaine base was not visible on the tape. The video recordings taken on September 9 depicted the actual events that formed the basis for the criminal charge and corroborated Prayear's account of Hicks' actions on the day in question. Accordingly, we reject Hicks' contention that the district court abused its discretion in finding this evidence relevant and admitting it.

III. <u>Sufficiency of the Evidence</u>

In his penultimate assignment of error, Hicks asserts the Government failed to present legally sufficient evidence to support the jury's guilty verdict.

This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). The court reviews both direct and circumstantial evidence, and permits the "[G]overnment the benefit of all reasonable inferences from the

facts proven to those sought to be established." Tresvant, 677 F.2d at 1021.

In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to credit. Id. The uncorroborated testimony of a single witness may be sufficient evidence of guilt, even if the witness is an accomplice, a co-defendant, or an informant. United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

Hicks' challenge to the sufficiency of the evidence fails because it is predicated entirely on his contention that the jury should have credited his testimony and rejected Prayear's testimony regarding what occurred in Prayear's vehicle on September 8 and 9. Although Hicks' testimony plainly contradicted the Government's evidence, whether to credit Hicks' or Prayear's version of events was entirely within the jury's province, and we will not review such credibility determinations on appeal. Wilson, 118 F.3d at 234.

IV.  Hicks' Request to File Pro Se Supplemental Brief

Although his appeal was not filed pursuant to <u>Anders</u>,[2] which would afford Hicks a right to file a pro se supplemental brief, <u>see</u> <u>Anders</u>, 386 U.S. at 743-44, Hicks nonetheless requests leave to submit a pro se supplemental brief.  In the proposed supplement submitted with Hicks' motion, Hicks raises only one contention: that his sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because he was sentenced for distribution of crack cocaine but the indictment charged and the Government's evidence proved distribution of cocaine base.

Although we grant Hicks leave to file the proposed supplemental brief, we nonetheless reject the claim raised therein. Tracking the language of 21 U.S.C. § 841(b)(1)(B), the indictment charged Hicks with distribution of more than five grams of cocaine base.  This court has opined that crack cocaine and cocaine base are interchangeable terms.  <u>United States v. Ramos</u>, 462 F.3d 329, 334 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 697 (2006).

Accordingly, we grant leave to file the proposed pro se supplemental brief and we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions

---

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967).

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED